UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

MILWAUKEE POLICE ASSOCIATION
itself and on behalf of its members,
DANIEL J. VIDMAR,
CHRISTOPHER E. MANNEY,
RUDOLFO GOMEZ, JR.,

        Plaintiffs,

v.                               Case No. 15-C-0809

EDWARD FLYNN, Chief of Police
for the City of Milwaukee,
CITY OF MILWAUKEE,

        Defendants.

---

DECISION AND ORDER GRANTING MOTION FOR JUDGMENT
ON THE PLEADINGS (DOC. 9)

      The Milwaukee Police Association and former officers Daniel J. Vidmar, Christopher E. Manney, and Rodolfo Gomez, Jr. sue Chief of Police Edward Flynn and the City of Milwaukee under 42 U.S.C. § 1983, alleging deprivation of property without due process of law and unlawful withholding of pay and benefits. Defendants move for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) on the ground that plaintiffs have failed to state a claim. For the reasons set forth below, the motion will be granted.

STANDARD OF REVIEW

      Rule 12(c) permits a party to move for judgment after the complaint and answer have been filed. *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir.1998); *see* Fed. R. Civ. P. 12(c). The factual allegations in the complaint are taken as true, with all reasonable inferences drawn in plaintiffs' favor. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). However, facts set forth in the complaint that

undermine the plaintiffs' claims are not ignored. *N. Ind. Gun & Outdoor Shows, Inc.*, 163 F.3d at 452.

The standard applied to a Rule 12(c) motion is the same as that applied to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Id.* The complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Pisciotta*, 499 F.3d at 633. Factual allegations must be enough to rise above the speculative level, *id.*, which means that sufficient facts are set forth to state a claim plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007). The essence of a Rule 12(b)(6) motion is that even assuming all of the alleged facts are accurate, plaintiff has no legal claim. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999).

The pleadings referenced in Rule 12(c) include the complaint, the answer, and any written instruments attached as exhibits to those pleadings. *N. Ind. Gun & Outdoor Shows, Inc.*, 163 F.3d at 452–53. Further, the court may take judicial notice of facts that are not subject to reasonable dispute because they are "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice "is an adjudicative device that substitutes the acceptance of a universal truth for the conventional method of introducing evidence." *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997).

Here, the defendants attached to their brief in support of the motion an appendix containing documents from the Wisconsin Legislative Bureau. (*See* Doc. 10 app.) The

2

documents contain legislative history of which the court takes judicial notice with due regard for plaintiffs' acknowledgment of the same. (Doc. 11 at 15.)

ALLEGED FACTS

Daniel J. Vidmar was employed as a police officer for the City of Milwaukee. (Doc. 1, ¶ 6.) On January 1, 2014, Chief Edward Flynn ordered that Vidmar be discharged from employment, and his pay and benefits were terminated by the City of Milwaukee immediately thereafter. (Doc. 1, ¶¶ 12-13.) Vidmar appealed, and the Board of Fire and Police Commissioners conducted a trial on May 12 and June 17, 2014. (*Id.*, ¶ 14.) On June 17, 2014, the Board concluded that discharge was appropriate. (*Id.*)

Christopher E. Manney was employed as a police officer for the City of Milwaukee. (Doc. 1, ¶ 7.) On October 15, 2014, Chief Flynn ordered that Manney be discharged from employment, and his pay and benefits were terminated by the City of Milwaukee immediately thereafter. (Doc. 1, ¶¶ 15-16.) Manney appealed, and the Board conducted a trial from March 19 through March 23, 2015. (*Id.*, ¶ 17.) On March 23, 2015, the Board concluded that discharge was appropriate. (*Id.*)

Rudolfo Gomez, Jr. was employed as a detective for the City of Milwaukee.[1] (Doc. 1, ¶ 8.) On December 3, 2013, Chief Flynn ordered that Gomez be discharged from employment, and his pay and benefits were terminated by the City of Milwaukee immediately thereafter. (Doc. 1, ¶¶ 18-19.) Gomez appealed, but his trial before the Board was adjourned pending resolution of criminal charges against him. (Doc. 5, ¶ 20.) Following the resolution of the criminal charges, Gomez's Board trial was conducted on

---

[1] Although Gomez was a detective, the court will refer to Vidmar, Manney, and Gomez collectively as "the officers" for ease of discussion. The pertinent statute, Wis. Stat. § 62.50, applies to officers and detectives as "persons employed in the police and fire departments of the city." Wis. Stat. § 62.50(3)(b).

3

July 22 through July 24, 2015. On July 24, 2015, the Board concluded that discharge was appropriate. (*Id.*)

## DISCUSSION

Plaintiffs allege that the termination of their pay and benefits before a final decision by the Board deprived them of property without due process of law, in violation of the Fourteenth Amendment to the United States Constitution, as well as article I, sections 1 and 9 of the Wisconsin Constitution. (Doc. 1, ¶ 1.) In the complaint, plaintiffs cited § 62.50(11) and (18) as the source of their property right. (*Id.*) However, they subsequently stated that they wrongly cited to § 62.50(18) and meant to cite § 62.50 generally as the source of their property right. (Doc. 11 at 11.)

In addition, plaintiffs allege a state-law wage claim for violation of Wis. Stat. § 109.03 by the defendants' failure to timely compensate them as required by state law. The plaintiffs assert that the pay and benefits that should have been paid to them under § 62.50 constitute a "wage" as defined in Wis. Stat. § 109.01(3) and that the failure to pay them was a "wage deficiency" under Wis. Stat. § 109.11. (*Id.*, ¶ 2.)

Plaintiffs' due process and wage claims depend on the existence of the same property right to unpaid wages and benefits between discharge by the chief and final decision by the Board. Regarding the due process claim, property interests "are not created by the Constitution, but rather are created and defined by existing rules or understandings that stem from an independent source such as state law." *O'Gorman v. City of Chicago*, 777 F.3d 885, 890 (7th Cir. 2015). Plaintiffs argue that Wis. Stat. § 62.50 gives them a right to that property. Similarly, plaintiffs assert that the wages that the

4

defendants failed to pay in violation of state wage laws were due and owing to them under § 62.50.

Section 62.50 applies to police and fire departments of first class cities. Wis. Stat. § 62.50. First class cities are defined in Wis. Stat. § 62.05(1)(a) as those with population of 150,000 or larger. The parties do not dispute that Milwaukee is a first class city governed by the provisions of § 62.50.

"[T]he purpose of statutory interpretation is to determine what the statute means so that it may be given its full, proper, and intended effect." *See State ex rel. Kalal v. Circuit Court for Dane Cty.*, 2004 WI 58, ¶ 44, 271 Wis. 2d 633, 681 N.W.2d 110. Interpretation begins with the statute's language. *Id.* And context and structure of the statute are important to meaning. *Milw. Police Ass'n v. Flynn*, 2011 WI App 112, ¶ 15, 335 Wis. 2d 495, 801 N.W.2d 466. The court interprets statutory language "'in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results.'" *Id.* (quoting *State ex rel. Kalal*, 2004 WI 58, ¶ 46). Further, statutes should be read to avoid superfluity. *State ex rel. Kalal*, 2004 WI 58, ¶ 46. The language is read "to give reasonable effect to every word, in order to avoid surplusage." *Id.*

Plaintiffs cite no express provision that directs payment of wages or salary to those discharged by the chief but who have appealed and await the Board's decision. Instead, they argue that taken as a whole § 62.50 provides a system whereby the chief of police merely recommends discharge and only the Board issues a decision that terminate's an officer's pay. However, plaintiffs read Wis. Stat. § 62.50 incorrectly.

5

The pertinent statutory language is as follows. Subsection 62.50(11) provides that "[n]o member of the police force or fire department may be discharged or suspended for a term exceeding 30 days by the chief of either of the departments except for cause and after trial under this section." Subsection 62.50(13) then states:

> The chief discharging or suspending for a period exceeding 5 days any member of the force shall give written notice of the discharge or suspension to the member and, at the same time that the notice is given, shall also give the member any exculpatory evidence in the chief's possession related to the discharge or suspension. The chief shall also immediately report the notice of the discharge or suspension to the secretary of the board of fire and police commissioners together with a complaint setting forth the reasons for the discharge or suspension and the name of the complainant if other than the chief. Within 10 days after the date of service of the notice of a discharge or suspension order the members so discharged or suspended may appeal from the order of discharge or suspension or discipline to the board of fire and police commissioners . . . .

The Board then sets the time and place of a trial. Wis. Stat. § 62.50(14).

Pursuant to subsection 62.50(17)(a), within three days after hearing the matter the Board by majority vote must

> determine whether by a preponderance of the evidence the charges are sustained. If the board or panel determines that the charges are sustained, the board shall at once determine whether the good of the service requires that the accused be permanently discharged or be suspended without pay for a period not exceeding 60 days or reduced in rank. If the charges are not sustained the accused shall be immediately reinstated in his or her former position, without prejudice.

Under subsection 62.50(17)(b), no officer "may be suspended, reduced in rank, . . . or discharged by the board . . . unless the board determines whether there is just cause . . . to sustain the charges." One of the standards the Board shall apply is whether the "proposed discipline reasonably relates to the seriousness of the alleged violation." § 62.50(17)(b)7.

6

Importantly, Wis. Stat. § 62.50(18) states:

No chief officer of either department or member of the fire department may be deprived of any salary or wages for the period of time suspended preceding an investigation or trial, unless the charge is sustained. No member of the police force may be suspended under sub. (11) or (13) without pay or benefits until the matter that is the subject of the suspension is disposed of by the board or the time for appeal under sub. (13) passes without an appeal being made.

Plaintiffs have abandoned any argument that subsection 62.50(18) creates a property right to pay and benefits for members discharged by the chief but awaiting Board decision. And certainly that subsection does not. The plain text of subsection 62.50(18) directs payment of salary or wages only during *suspension*. In the case at hand, all three officers were discharged, not suspended, so they do not fall under the provisions of subsection 62.50(18). Neither subsection 62.50(18) nor any similar subsection expressly directs that officers who have been discharged be paid for the period of time preceding trial by the Board.

Instead, plaintiffs submit that section 62.50 as a whole implies that the chief's action is one of mere recommendation, with discharge without pay effective only upon Board action. Plaintiffs point to the language in subsection 62.50(11) stating that no member of the police force may be discharged "except for cause and after trial," the language in subsection 62.50(17)(a) stating that the Board determines whether the charges are sustained and whether the officer should be "permanently discharged," and the language in subsection 62.50(17)(b)7 regarding "proposed discipline" and "alleged violation."

However, plaintiffs' interpretation strains the statute beyond reason. Nowhere in the text does the statute state that the chief merely "recommends" discharge. And the language of the statute indicates that the chief has the power to effect the discharge

7

himself or herself. Although § 62.50(11) states that no member of the police force may be discharged "except . . . after trial under this section," that same subsection (emphasis added) provides that no member "may be discharged or suspended . . . *by the chief*" without that process. Subsection 62.50(13) states that "[t]he chief discharging or suspending . . . shall give written notice of the discharge or suspension," provide reasons for the discharge, and report the discharge or suspension to the secretary of the Board. All of that phraseology indicates that the chief can actually discharge, not merely recommend discharge.

Plaintiffs further contend that subsection 62.50(17)(a)'s language that upon the Board sustaining the charges the officer may be "permanently discharged" implies that the chief's discharge is not a complete discharge. However, the very same subsection provides that if the charges are not sustained, the officer is to be immediately *reinstated* to his or her *former* position. The words "reinstated" and "former" clash with the plaintiffs' interpretation. If the chief simply recommended discharge, there would be no need for reinstatement and no "former" position. These words should be interpreted to have meaning, and they support the view that the discharge was effective upon the chief's decision. Thus, reading the phrase "permanently discharged" in context with the rest of the subsection, the legislature intended the phrase to indicate finality—that after the Board sustains charges the discharged officer has no further options for appeal and his or her proceedings with the department and Board are over.

Regarding subsection 62.50(17)(b)7's references to "proposed discipline" and "alleged violation," that subsection is part of a list of standards the Board applies when determining whether to sustain charges. The phrases "proposed discipline" and "alleged

8

violation" are worded regarding the status of the matter before the Board, not the effectiveness of the chief's decision prior to that time. The subsection pertains only to proceedings on appeal before the Board; it implies nothing regarding the validity of the chief's order of discharge.

Therefore, interpreting the plain text of § 62.50 alone, the court finds that plaintiffs' argument regarding the chief's authority is incorrect. The chief has the power to discharge officers. And courts have acknowledged that authority. *See, e.g., Balcerzak v. City of Milwaukee*, 163 F.3d 993, 994-95 (7th Cir. 1998)*; Schoen v. City of Milwaukee*, No. 14-CV-35, 2014 WL 6634545 (E.D. Wis. Nov. 24, 2014); *Milw. Police Ass'n, Local 21 v. City of Milwaukee*, 2008 WI App 119, 313 Wis. 2d 253, 757 N.W.2d 76; *Sliwinski v. Bd. of Fire & Police Comm'rs*, 2006 WI App 27, ¶ 9, 289 Wis. 2d 422, 711 N.W.2d 271.

Moreover, the court finds that § 62.50, reasonably interpreted, directs that officers discharged by the chief but who await trial before the Board are *not* to receive pay during that period. While several other subsections of the statute expressly reference both discharge and suspension in the same sentence or paragraph, subsection 62.50(18) does not. It directs payment only to suspended officers, not discharged ones. The Wisconsin legislature must be presumed to have meant what it wrote when it excluded discharged officers from subsection 62.50(18). Such a reading accords with the *expressio unius est exclusio alterius* canon—that the legislature's expression or inclusion of one thing implies the exclusion of the other or of an alternative. Black's Law Dictionary 701 (10th ed. 2014). By explicitly allowing for salary during suspension alone, the legislature implicitly excluded salary following discharge by the chief.

9

Because the text of § 62.50 is plain and unambiguous, there is no need to proceed any further. However, even if some ambiguity existed, the legislative history of subsection 62.50(18) confirms that payment for suspended officers only is the correct reading of the statute. Prior to 2008, Wis. Stat. § 62.50(18) expressly stated that discharged as well as suspended officers were to receive pay "until the matter that is the subject of the suspension or discharge is disposed of by the board or the time for appeal under sub. (13) passes without an appeal being made." (Doc. 10 app. Doc. 1 at 2-3.) *See also Milw. Police Ass'n*, 2008 WI App 119, ¶ 7. The enactment of 2007 Senate Bill 176 in 2008 removed discharged officers from the scope of subsection 62.50(18). The State of Wisconsin's Legislative Reference Bureau noted the change in its analysis of the bill: "This bill removes the current law provisions relating to the payment of the salary of first class city police officers who are discharged. The bill does not affect current law provisions relating to reinstatement and back pay for such officers if the board's decision is reversed." (Doc. 10 app. Doc. 4 at 12.) The Seventh Circuit recognized the change a few years ago. After noting that at the time a particular officer was discharged subsection 62.50(18) guaranteed continued pay and benefits to discharged officers pending a Board hearing, the court observed that "[t]he statute was later amended and now applies only to suspended officers." *Milw. Police Ass'n v. Bd. of Fire & Police Comm'rs*, 708 F.3d 921, 933 n.1 (7th Cir. 2013). Vidmar, Manney, and Gomez all were discharged after the statute was amended to exclude discharged officers from receiving pay from discharge until the Board's decision.

In sum, the text of Wis. Stat. § 62.50 is unambiguous and, interpreted as a whole, the statute does not entitle the plaintiffs to pay and benefits for the time between discharge

10

by the chief and affirmation of discharge by the Board. The legislative history of the statute confirms this interpretation. Hence, Vidmar, Manney, and Gomez held no property rights to pay and benefits between discharge by the chief and the Board's final decision. Therefore,

IT IS ORDERED that defendants' motion for judgment on the pleadings (Doc. 9) is granted and the case is dismissed.

Dated at Milwaukee, Wisconsin, this 30th day of September, 2016.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE

11